IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA COLEMAN HERBERT,            :
                                     :
         Plaintiff,                  :     CIVIL NO. 4:CV-06-1030
                                     :
    v.                               :     (Judge Jones)
                                     :
GREENCARDS OFFICE, *et al.*,         :
                                     :
         Defendants.                 :

## **O R D E R**

July 24, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Patricia Coleman Herbert ("Herbert" or "Plaintiff"), currently detained[1] at the Lehigh County Prison in Allentown, Pennsylvania, commenced this action by filing a *pro se* civil rights complaint under the provisions of 42 U.S.C. § 1983. Plaintiff contemporaneously filed an application for leave to proceed *in forma pauperis* (Doc. 2). Although the complaint is illegible in places, rambling and disjointed, Plaintiff appears to seek: (1) an Order of this Court directing her immediate release or, in the alternative, transfer to another institution; and (2) employment termination of a corrections officer for refusing to summon emergency medical attention for Plaintiff. For the following reasons, the complaint will be dismissed,

---

[1] Plaintiff alleges that she is detained as a pre-trial inmate. *See* Doc. 1 at 2, ¶ 3.

without prejudice, under 28 U.S.C. § 1915.

**DISCUSSION**

### Preliminary Review of Complaint

The Prison Litigation Reform Act ("PLRA") established new procedures for prisoners' civil rights actions filed in federal court.  Under § 1915(e)(2) of the Act, the Court **shall** dismiss claims by parties seeking to proceed *in forma pauperis* "if the court determines that – (B) the action or appeal – (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i).  Similarly, under Section 1915A of the Act, the Court is required to screen civil complaints by prisoners who seek redress from a governmental entity, or employees or officers of a governmental entity, and Section 1915A(b) requires courts to "dismiss the complaint . . . if the complaint – (1) is frivolous . . . ." 28 U.S.C. § 1915A(b)(1).

The frivolousness determination applies equally to cases that are factually frivolous and those that are legally frivolous. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  An action is legally frivolous if it is based upon an indisputably meritless legal theory. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law . . . ." Roman v. Jeffes, 904 F.2d 192, 194

2

(3d Cir. 1990).  "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when a complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Although the Court is mindful that *pro se* complaints are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), a complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

**Plaintiff's Request For Release From Custody**

To the extent that Plaintiff "would like to be released from Lehigh Count (sic) Prison A.S.A.P." (Doc. 1 at 2, ¶ 4), such relief is not cognizable in the context of a § 1983 complaint.  To state a viable § 1983 claim, the Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).  However, a prisoner in state custody may not utilize a §1983 action to challenge "the fact or duration of [her] confinement."  Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Wilkinson v. Dotson, 544 U.S. 74, 77

(2005).  In <u>Heck</u>, the Court recognized "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  <u>Heck</u>, 512 U.S. at 486.  Although "<u>Wolff</u> makes clear that § 1983 remains available for procedural challenges where success in the action **would not necessarily** spell immediate or speedier release for the prisoner," <u>Wilkinson</u>, 544 U.S. at 79 (emphasis in original), a § 1983 action will not lie where "establishing the basis for [relief] necessarily demonstrates the invalidity of the [conviction or sentence]."  <u>Heck</u>, 512 U.S. at 481-482.  Thus, to the extent that Plaintiff is challenging the fact or duration of confinement, such a claim must be brought in a properly filed habeas action, and the claim will be dismissed.

**<u>Transfer to Another Institution</u>**

Plaintiff's request for "transfer to another jail while I await my court date" (doc. 1 at 1) is also without merit.  It is well-settled that a prisoner has no justifiable expectation that she will be incarcerated in a particular prison or facility.  <u>Olim v. Wakinekona</u>, 461 U.S. 238 (1983).  Pennsylvania law leaves the housing of inmates in particular institutions to the discretion of state officials.  <u>See</u> 37 Pa. Code § 93.11(a); <u>Hannon v. Terra</u>, 1995 WL 129219 at *11 (E.D. Pa. 1995).  Where the state does not provide a liberty interest in being housed at a particular institution, prison officials

4

may transfer an inmate "for whatever reason or for no reason at all." Meachum v. Fano, 427 U.S. 215, 228 (1976). "If the prisoner can be lawfully held in the facility to which [s]he has been transferred, [s]he cannot object to that transfer, even if the transfer results in [her] being placed in a more restrictive . . . facility." Ali v. Gibson, 631 F.2d 1126, 1135 (3d Cir. 1980). "[T]ransfer to less amenable quarters for nonpunitive reasons [is] 'ordinarily contemplated by a prison sentence.'" Sandin v. Conner, 515 U.S. 472, 477 (1995) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Moreover, interference in the placement determinations of the Pennsylvania Department of Corrections would involve the judiciary in "the day-to-day functioning of . . . prisons . . . [and] issues and discretionary decisions that are not the business of federal judges." Meachum, 427 U.S. at 228-29. Consequently, this claim will be dismissed as well.

**Deliberate Indifference to Medical Needs**

As previously noted, a viable § 1983 claim requires Plaintiff to establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini, 212 F.3d at 806. Both elements must be present to sustain a § 1983 action, and Plaintiff's deliberate

indifference claim fails to satisfy the second.

The Constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials provide adequate medical care to inmates, and make reasonable efforts to assure prisoner health and safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety. Id. at 837. Not every illness or injury enjoys constitutional protection; only serious medical needs or injuries will give rise to constitutional scrutiny. Gerber v. Sweeney, 292 F.Supp.2d 700, 706 (E.D. Pa. 2003). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); McCabe Prison Health Services, 117 F.Supp. 2d 443, 450 (E.D. Pa. 1997).

In Estelle v. Gamble, 429 U.S. 97 (1976), as here, the prisoner/plaintiff claimed that inadequate medical treatment violated his Eighth Amendment protection from cruel and unusual punishment. The Supreme Court acknowledged that the government has an obligation to provide medical care to its prisoners, but held that a constitutional violation does not occur unless the Plaintiff can show Defendants had a

"deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." Id. at 104 (citation omitted).  Plaintiff fails to establish that any of the Defendants were deliberately indifferent to her serious medical needs or that they unnecessarily or wantonly inflicted pain.

Plaintiff alleges that she was handcuffed while being led from the shower, and she fell and hit her right leg.  Although Plaintiff alleges "it hurt" (doc. 1 at 5), the complaint and sick call request attached confirm that the skin was not broken.  (Rec. Doc. 1 at 3.)  Moreover, although Plaintiff claims that the alleged offender denied her request for medical attention, Plaintiff concedes that one of the witnessing guards did summon medical help.  (Rec. Doc. 1 at 5.)  There is no allegation of a serious medical need, there is no allegation of deliberate indifference to such a need or a wanton infliction of pain, and review of the complaint and attachments confirms that Plaintiff did receive requested medical attention.  Accordingly, this claim will also be dismissed.

**Conclusion**

Since the complaint is legally frivolous, and since Plaintiff seeks relief which is not cognizable in the context of a § 1983 action, the complaint will be dismissed under the provisions of 28 U.S.C. § 1915.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's applications to proceed *in forma pauperis* (Docs. 2 and 8) are **GRANTED** for the limited purpose of filing this complaint.

2. Plaintiff's complaint is dismissed as legally frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

3. The Clerk of Court is directed to close the file in this case.

4. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

s/ John E. Jones III
John E. Jones III
United States District Judge
